In the Matter of NATHAN SCHWARTZ, an Attorney, Respondent.

First Department, November 3, 1933.

*George A. Spiegelberg* of counsel [*Einar Chrystie*, attorney], for the petitioner.

*Cornelius Huth*, for the respondent.

FINCH, P. J. The respondent was admitted to practice as an attorney and counselor at law in the State of New York on October 21, 1907, at a term of the Appellate Division of the Supreme Court, First Department.

By the petition herein he is charged with professional misconduct in that he solicited one Susan Dickman, of England, to retain him as her attorney, although she was unknown to him, and further, that upon his appearance before the grievance committee of the

Bar Association the respondent made false statements with respect to the matter.

The respondent answered, and the matter was sent to a referee to take testimony concerning the charge, and report the same to this court with his opinion thereon. The learned referee has duly reported, finding the respondent guilty as charged. The matter now comes before this court upon motion of the petitioner that the report of the referee be confirmed and that this court take such action as may be just and proper.

The facts are as follows: A firm of New York attorneys were requested by a client to settle the estate of one Sidney Crabb, deceased, and were informed that the sole surviving relative of the deceased was Susan Dickman, residing at Sunny Banks, Seven Oaks, England. The estate, together with the aforesaid information, was turned over to the public administrator, and the said firm of attorneys represented Mrs. Dickman in the administration of the estate. Early in April, 1930, they received from Mrs. Dickman a letter purported to be signed by the respondent by " E. G.," reading as follows:

" *March* 21, 1930.

" Miss SUSAN DICKMAN

" Sunny Bank, Riverhead, Seven Oaks, Kent County, England.

" Dear Miss DICKMAN: You are interested in an estate here in New York, and in order to get this matter cleaned up as speedily as possible, I will ask you to kindly execute the enclosed Power of Attorney before the United States Consul and return to me at once. Yours truly,

" NATHAN SCHWARTZ,
" By E. G."

Accompanying said letter was a full power of attorney from Susan Dickman to the respondent, Nathan Schwartz. Following the receipt of these documents said firm of attorneys wrote the respondent asking for an explanation. No response having been received, they telephoned the respondent concerning the matter, but he refused to discuss it. The matter was thereupon called to the attention of the grievance committee of the petitioner. Upon the latter taking the matter up with the respondent, he stated he had no knowledge thereof. He denied that he ever had in his office any one whose initials were " E. G." This position he maintained up to the time of the hearing. It was then developed by the petitioner that at the date of the letter and power of attorney in question one Estelle Goldberg was in the employ of the respondent as stenographer and her testimony shows that she had prepared said letter and power of attorney at the direction of the respondent and also that, at instructions of respondent, she had prepared

and mailed similar letters and powers of attorney to between twenty and fifty different persons in Europe and Australia. The respondent, in the face of this testimony, claimed he had forgotten the existence of any employee with the initials " E. G.," and testified the letter and power of attorney had been sent without his authorization or knowledge.

It is sufficient to say that the record conclusively sustains the finding against the respondent upon this issue of fact. There is no possible reason for the sending of these documents on her own account by the stenographer of the respondent or explanation of how she could have obtained the name and address of Mrs. Dickman.

This record indicates that when the respondent was frightened by the discovery of his unethical practice and knew that the stenographer who took the letters in question was no longer in the employ of the office associate of respondent, he sought what seemed to him the easiest way of escape, namely, to deny all knowledge of the manner in which the letter and power of attorney were sent to Mrs. Dickman. The learned referee has found correctly that this was the course which the respondent pursued throughout. By so doing he has added to the unethical practice of solicitation the graver offenses of untruth and perjury.

The honor of the bar requires that such conduct be most severely condemned.

The respondent should be disbarred.

MERRELL, MARTIN and TOWNLEY, JJ., concur.

Respondent disbarred.